UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                      )
                                            )
    RONNIE MOORE                          )     Case No. 08-12691-SSM
                                            )     Chapter 7
                  Debtor            )

**MEMORANDUM OPINION**

Before the court is the motion (Doc. # 59) of the debtor, Ronnie Moore, against First Data Global Leasing ("First Data") for turnover of property and sanctions for violation of the automatic stay. An evidentiary hearing was held on March 17, 2009. First Data did not file a response to the motion and did not appear at the hearing. After receiving testimony from the debtor, the court took the motion under advisement. For the reasons stated, the court cannot find that the debiting of a bank account titled in the name of a separate entity violated the automatic stay even though the debtor was the signatory on the account. Accordingly, the motion will be denied. This opinion constitutes the court's findings of fact and conclusions of law under Rule 7052, Federal Rules of Bankruptcy Procedure, and Rule 52(a), Federal Rules of Civil Procedure.

Background

Ronnie Moore ("the debtor") filed a voluntary petition in this court on May 14, 2008, for relief under chapter 7 of the Bankruptcy Code, listing a total of $252,637 in priority and unsecured debt. He subsequently filed amended schedules that ultimately increased this amount to $415,128. Among the listed creditors was First Data Global Leasing ("First Data"), which was initially reported as being owed $0.00 but on the amended schedules is shown as being

1

owed $6,100.00. On his schedule of assets, the debtor responded "None" to the question asking for any interest in checking, savings, or other financial accounts. He also replied "None" to the question on the statement of financial affairs asking for the names and addresses of any businesses in which he was an officer, director, partner, or managing executive or was self-employed in a trade, profession, or other activity, full or part-time, within six years preceding the filing of the petition. However, he subsequently filed amended schedules of assets and an amended statement of financial affairs reporting a one-third interest, valued at $100, in Choosing Hope Ministries, Inc., which is described in the statement of financial affairs as "Nonprofit Corporation Foundation Status 509(a)(1) original Incroporator [*sic*]/on the board of Directors and acting as CEO and President."

The debtor ultimately received a discharge on January 23, 2009. The trustee had initially filed a report of no distribution but subsequently withdrew it, and the administration of the case continues. The present motion was initially filed on January 26, 2009, and asserts (contrary to the debtor's schedules) that the debtor "had an account no. ******1892 with Chevy Chase Bank" and that First Data, after having been given notice of the bankruptcy filing, "continued to debtit Debtor's account every month for the cost of [sic]."[1] The motion requests that First Data be ordered "to surrender the property of the estate to the Debtor" and that damages be awarded under § 362(k), Bankruptcy Code. No response was filed to the motion, but the first time the matter came up for hearing, the court continued it because service on First Data did not comply with Rule 7004. The debtor then refiled the motion on February 27, 2009, and served First Data

---

[1] The sentence in the motion is incomplete.

through its registered agent in Maryland. First Data did not respond to the refiled motion and did not appear at the hearing.

The debtor testified that First Data provided a merchant account for Choosing Hope Ministries and would debit the organization's bank account at Chevy Chase Bank for charges connected with that service. Although the testimony was far from clear, it appears that the debtor was liable in some capacity (presumably as guarantor) for the service charges. Although the debtor testified he was the signatory on the Chevy Chase account and was "responsible for everything on the account," it appears that the account was titled in the name of Choosing Hope Ministry, Inc., doing business as Christian Counseling and Training Center. According to the debtor's testimony, the account had a balance of approximately $100 when he filed his bankruptcy petition. The debtor testified that he went to the bank and attempted to stop the post-petition debits by having the account number changed. According to the debtor, this worked for a couple of months, but then First Data started debiting the new account number until the account was closed altogether in December 2008. The total amount debited, according to the testimony, was $75. The debtor had no direct communication with First Data concerning the matter until after the account had been closed, at which time the person he spoke with at First Data was "very nonchalant" when he asked that the funds be returned.

Discussion

The filing of a bankruptcy petition operates as a broad stay of most types of creditor activity, including "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." § 362(a)(3) and (5),

Bankruptcy Code.  As has been many times observed, the automatic stay is one of the fundamental debtor protections provided by the Bankruptcy Code.  It gives the debtor a breathing spell from his creditors; it stops all collection efforts, all harassment, and all foreclosure actions; and it permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.  S.Rep. No. 95-989, at 54-55 (1978).  The automatic stay, moreover, is not solely for the benefit of the debtor.  It also protects the debtor's creditors and promotes the goal of equality of distribution by ensuring that individual creditors do not seize assets that would otherwise be available to pay allowed claims in the case or take other actions that would interfere with administration of the case. *Id*. at 49.  A violation of the automatic stay may be redressed by the bankruptcy court under its civil contempt powers. *Burd v. Walters (In re Walters)*, 868 F.2d 665, 669 (4th Cir. 1989).  Additionally, the Bankruptcy Code gives an individual debtor a right of action for damages, including punitive damages and attorney's fees, resulting from a willful violation of the stay. 11 U.S.C. § 362(k); *Budget Serv. Co. v. Better Homes of Va., Inc.*, 804 F.2d 289, 292 (4th Cir. 1986).

　　　　The fundamental problem here, however, is that the automatic stay protects *only* the debtor, property of the debtor, and property of the estate.  Except in chapter 12 and 13 cases, in which a limited co-debtor stay exists, *see* § 1201 and 1301, Bankruptcy Code, the automatic stay does not stay collection actions against other parties who may be liable with the debtor nor does it stay actions against property that is not property of the bankruptcy estate. *Credit Alliance Corp. v. Williams (In re Penn Hook Coal Co.)*, 851 F.2d 119 (4th Cir. 1988) (holding that automatic stay does not prohibit suits against non-debtor guarantors); *Williford v Armstrong*

*World Industries, Inc.,* 715 F.2d 124, 126 (4th Cir. 1983) (automatic stay does not apply to co-defendant joint tortfeasors); *In re Geris*, 973 F.2d 318 (4th Cir. 1992) (automatic stay does not bar foreclosure against property not owned by debtor simply because debtor is liable on the note). The debtor's schedules in this case—filed under penalty of perjury—plainly state that did not have *any* bank accounts.  The fact that he is a *signatory* on the Choosing Hope Ministries account does not, in and of itself, make him the owner of the account.  A corporation is a legal entity distinct from its shareholders, and although the debtor's interest in a corporation becomes property of the estate when a bankruptcy petition is filed, the corporation's property does not thereby become property of the shareholder's estate.  *Kreisler v. Goldberg*, 478 F.3d 209 (4th Cir. 2007) (automatic stay did not bar ejectment action against debtor's subsidiary merely because the eviction affected the value of the subsidiary).

Taking the debtor's schedules at face value, as the court really must,[2] the court cannot find that the Choosing Hope Ministries account at Chevy Chase Bank was property of the estate.  Thus, the debiting of the account was not a violation of the automatic stay in the debtor's case even if the debtor was liable for the debt.  Accordingly, the motion, to the extent it seeks damages under § 362(k), Bankruptcy Code, for willful violation of the automatic stay, must be denied.  With respect to the request for turnover, not only is the court unable to find that the Choosing Hope Ministries bank account was property of the estate, there is no authority for the turnover of property of the estate *to the debtor*, as the motion requests.  Rather, even assuming

---

[2] Although the schedules are not binding on, or admissible against, the trustee, they are clearly binding on the debtor.  Nothing in this opinion should be read as restricting the trustee's ability to argue that the Chevy Chase account or other property titled in the name of Choosing Hope is actually property of the estate.

the $75 taken from the account was property of the estate, any turnover would properly be directed to the trustee. § 542(a), Bankruptcy Code.

A separate order will be entered consistent with this opinion denying the motion for turnover and for damages.

Date: _____          _____
                                      Stephen S. Mitchell
Alexandria, Virginia                  United States Bankruptcy Judge

Copies to:

Ronnie Moore
21120 Huntington Sq., Suite 303
Sterling, VA 20166-6547
Debtor *pro se*

First Data Global Leasing
c/o CSC-Lawyers Incorporating Service Co.
7 St. Paul Street, Suite 1660
Baltimore, MD 21202
Respondent

Donald F. King, Esquire
9302 Lee Highway, Suite 1100
Fairfax, VA  22030
Chapter 7 trustee