UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RONNIE MOORE | ) | Case No. 08-12691-SSM |
| | ) | Chapter 7 |
| Debtor | ) | |

**MEMORANDUM OPINION ON DEBTOR'S MOTION FOR CONTEMPT
AGAINST NOVUS LAW SCHOOL**


Before the court is the debtor's motion for contempt against Novus Law School

("Novus") for violation of the discharge injunction by refusing to issue him a Juris Doctor

degree or transcript for course work he has completed but not paid for.  A hearing was held on

April 14, 2009, at which the debtor appeared in person and represented himself.  Novus did not

respond to the motion for contempt or appear at the hearing.  After receiving testimony from the

debtor, the court took the motion under advisement.  For the reasons stated, the court finds that

Novus violated the discharge injunction.

<u>Background</u>

Ronnie Moore ("the debtor") filed a voluntary petition in this court on May 14, 2008, for

relief under chapter 7 of the Bankruptcy Code, listing a total of $252,637 in priority and

unsecured debt.  He subsequently filed amended schedules that ultimately increased this amount

to $415,128.  Among the listed creditors was Novus Law School,[1] which is shown as being owed

$5,819.10.  Notice of the bankruptcy filing, the meeting of creditors and the deadline for filing a

complaint objecting to the debtor's discharge or to determine dischargeability of a debt was

---

[1]  The debtor lists Novus on his schedules as "Novu Law School."

mailed to Novus, at its address in Palmdale, California, by the Bankruptcy Noticing Center on

May 17, 2008.

The debtor ultimately received a discharge on January 23, 2009.  The trustee had initially

filed a report of no distribution but subsequently withdrew it, and a second report of no

distribution was ultimately filed March 27, 2009.  The debtor filed an earlier motion for

sanctions against Novus on January 26, 2009 (Doc. #48), alleging a violation of § 525 of the

Bankruptcy Code, which prohibits certain forms of discrimination against debtors.  Novus did

not file a response to the motion, but the court—concluding that the alleged acts did not fall

within the specific proscriptions of § 525—denied the motion on February 20, 2009 (Doc. #55),

without prejudice to the debtor's right to file a motion seeking contempt sanctions for violation

of the discharge injunction under § 524 of the Bankruptcy Code.  In the same order, the court

noted that service of such a motion must comply with Rule 7004 of the Federal Rules of

Bankruptcy Procedures.  The debtor subsequently filed a motion for sanctions against Novus on

February 27, 2009 (Doc. #61), but withdrew it on March 5, 2009 (Doc. #63).

The present motion was filed on March 30, 2009, and asserts that after Novus received

notice of the bankruptcy filing, it sent the debtor an email on June 10, 2008, informing him that

if the debt owed to it was "liquidated through bankruptcy," he "will not be eligible to receive

[his] degree" nor would Novus "validate, certify, and/or verify [his] graduate status to

employers."  Although the debtor did not attach the email to the present motion, he did attach it

to the original motion for sanctions filed January 26, 2009.  The present motion requests that the

court order Novus to award the debtor his degree, provide the debtor a copy of his transcript,

"validate/certify/verify [his] graduate status," and pay the debtor damages "for its violation of

the Bankruptcy Automatic Stay."  The debtor served the motion on "Novus University

Corporation, c/o The Trust Company of the Marshall Islands, Inc." by first class mail, postage

pre-paid at "Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands

96960."[2]

The debtor testified that prior to the filing of his bankruptcy petition he had enrolled in a

two-year *juris doctor* program at Novus.[3]  The courses and examinations were completed

entirely on the internet.  The program consisted of 16 courses and a final project or dissertation

---

[2]  The debtor testified that he received information that Novus Law School is run by a Marshall
Islands corporation and its agent for service of process is located in the Marshall Islands.
Indeed, The Trust Company of the Marshall Islands acts as the registered agent for all non-
resident domestic Marshall Islands corporations.  *See*
http://www.register-iri.com/content/offshore/faqcorp.cfm (visited June 8, 2009).  Contempt
proceedings are contested matters governed by Rule 9014, Federal Rules of Bankruptcy
Procedure.  Fed.R.Bankr.P. 9020.  Rule 9014 requires that a motion commencing a contested
matter be served on the respondent in the same manner as a summons and complaint in an
adversary proceeding.  Fed.R.Bankr.P. 9014(b).  Rule 7004, which governs service in an
adversary proceeding, allows service on a foreign corporation by "any internationally agreed
means reasonably calculated to give notice" or if no such internationally agreed means exists,
"by a method that is reasonably calculated to give notice" as set forth by the foreign country's
laws for service, as directed by the foreign authority, or, unless prohibited by the foreign
country's laws, by personal service or by any mail requiring a signed receipt.  Although it is not
entirely clear whether Novus University Corporation is in fact a non-resident domestic Marshall
Islands corporation, the court, in the absence of information to the contrary, will assume that
service on the Marshall Islands registered agent by first class mail, postage pre-paid, is sufficient
under Rule 7004.

[3]  Novus is a non-accredited law school that provides online-only instruction.  As explained on
its internet web site:

> Novus Law School is the Graduate and Undergraduate Law School of Novus University.
> Novus University is an International Web-Based Private Postsecondary Educational
> Institution. Novus University has no campus or resident programs or locations or public
> facilities. The School maintains Mail & Information and Internet Centers Worldwide as
> needed for communications. All mail and information facilities are for communication
> services only. The Novus University communications centers, and [*sic*] are not
> Campuses, Learning Centers, or open public facilities. All Novus University Degrees are
> awarded, Online via the World Wide Web (www), under the Authority of The Novus
> University Board of Directors as a Web-Based International School.

http://www.novuscatalog.org/generalinfo (visited June 5, 2009).

at the conclusion of the program.  Each class required a written examination for completion of

the course, and the debtor testified he received a grade report for each class taken.  He further

testified that he has completed all of his course work, including the final project, but has not yet

received his degree or final transcript.

The debtor testified that the total cost of the program was about $10,000.  Because the

debtor did not pay his tuition in full, he paid the fees in installments of about $150 per month,

and to date has paid approximately $4,000.  He testified that there were a number of "hidden"

costs for the program, including paying for each examination taken and costs for books, which

he had been advised were free.  In addition, interest began accruing on the outstanding balance

he owes Novus at the beginning of 2009.  The debtor further testified that despite requests for a

final balance of what he owes, no such accounting was provided to him, that the reaffirmation

agreement he sent to Novus was never returned, and that it is Novus's policy to award a degree

and issue a diploma only upon full payment of tuition. [4]

---

[4]  Novus's stated policy, as set forth on its internet web site, is as follows:

> Any student falling more than thirty (30) days past due on any amounts due to the School
> will be placed on suspension. While on suspension, the student will not have any
> submitted course work graded or returned, will not be able to receive course materials,
> and will be denied all rights and privileges of students of Novus University. When the
> student brings the account current, the School will restore the student to active status. If,
> within sixty (60) days following the suspension for past-due amounts, the student has still
> not brought the account current with Novus University, the student will be dismissed
> from the School.

http:www.novuscatalog.org/generalinfo/ (visited June 5, 2009)

Discussion

I.

A bankruptcy discharge cancels a debtor's personal liability for a discharged debt.

Among other things, it prohibits "the commencement or continuation of an action, the

employment of process, or *an act*, to collect, recover or offset any such [discharged] debt as a

personal liability of the debtor, whether or not discharge of such debt is waived."  § 524(a)(2),

Bankruptcy Code.  Although there is no personal right of action for violation of the discharge

injunction, violations may be redressed under the bankruptcy court's civil contempt powers, and

sanctions may be awarded that compensate the debtor for the violation.  *Cherry v. Arendall (In

re Cherry)*, 247 B.R. 176, 186-87 (Bankr. E.D. Va. 2000).  The issues here are whether Novus's

refusal to issue a degree or transcript because the debtor has not paid the tuition where the debt

was discharged in bankruptcy is a violation of the discharge injunction, and if so, whether the

debtor is entitled to an award of damages.

II.

As an initial matter, the court must first address the issue of whether the debt owed to

Novus Law School is of the type contemplated in § 523(a)(8) of the Bankruptcy Code.  Under

that section, student loan obligations are presumptively non-dischargeable in bankruptcy.

§ 523(a)(8), Bankruptcy Code.  Thus, an action to collect on a non-dischargeable student loan by

a creditor after the debtor has been granted discharge is not a violation of the discharge

injunction.  *See, e.g., McKay v. Ingleson*, 558 F.3d 888, 891 (9th Cir. 2009); *In re Gakinya*, 364

B.R. 366 (Bankr. W. D. Mo. 2007); *In re Hoxie*, 370 B.R. 288, 292-93 (Bankr. S.D. Cal. 2006);

*In re Haroon*, 33 B.R. 686 (Bankr. E.D. Va. 2004).  However, in order to be non-dischargeable,

the debt must be

(A)(i) an educational benefit overpayment or loan made, insured, or
guaranteed by a governmental unit, or made under any program funded
in whole or in part by a governmental unit or nonprofit institution; or

(ii) an obligation to repay funds received as an education benefit,
scholarship, or stipend…

§ 523(a)(8), Bankruptcy Code.

In the present case, the debt owed by the debtor to Novus can be characterized as an

unpaid tuition debt.  Such a debt is not an "educational benefit overpayment," which is an

overpayment from a program like the GI Bill, where students receive payments even though they

are not attending school.  *In re Johnson*, 222 B.R. 783, 786 (Bankr. E.D. Va. 1998).  Nor does

the debt fall into the "obligation to repay funds received" category, because there is no evidence

indicating that the debtor received any funds from Novus.  *See id.*

As the Second Circuit has pointed out, courts finding that the nonpayment of tuition

qualifies as a "loan" under § 523(a)(8) of the Bankruptcy Code do so either where funds are

advanced or transferred or where there is an agreement between the school and the student

whereby the school extends credit and the student promises to pay at a later date.  *In re Renshaw*,

222 F.3d 82, 90-91 (2d Cir. 2000).  Based on that analysis, the court determined that the

"unilateral [decision] not to pay tuition when it came due" did not constitute a loan and that the

unpaid tuition debt owed was therefore not excepted from discharge under § 523(a)(8).  *Id.  See*

*also In re Chambers*, 348 F.3d 650 (7th Cir. 2003) (following *Renshaw* and finding that unpaid

tuition debt was not a student loan and was discharged in bankruptcy); *In re Mehta*, 310 F.3d

308 (3d Cir. 2002) (same); *but see In re Hill*, 44 B.R. 645 (Bankr. D. Mass. 1984) (finding that

an extension of credit for the tuition cost of one semester made without a written agreement was

a student loan and thus non-dischargeable).

6

The only published case from this district also concluded that an outstanding tuition bill,

without more, was not an educational loan for purposes of the discharge exception under

§ 523(a)(8). *Johnson*, 222 B.R. at 787. Of significance to the court was the fact that the debt

owed to the school did not involve an advance of cash or exchange of money, nor did the debtor

make any arrangements to borrow money from the school or sign a promissory note. *Id.*

Likewise, in the present case, the debtor's obligation to Novus does not arise from an exchange

or advance of funds or an agreement to borrow money and is simply that portion of his tuition

bill that the debtor unilaterally decided not to pay as it became due. Thus, the debt owed to

Novus is not a student loan for purposes of § 523(a)(8) of the Bankruptcy Code and was

discharged in the debtor's bankruptcy case.

### III.

Having determined that the debtor's obligation to Novus Law School was discharged in

his bankruptcy case, the court now turns to whether a violation of the discharge injunction

occurred. The question of whether the withholding of a transcript or diploma violates the

discharge injunction under § 524(a)(2) of the Bankruptcy Code is a question of first impression

in this district and one that few courts have addressed. However, many courts have addressed

the closely analogous issue of whether a school violates the automatic stay under § 362(a)(6) of

the Bankruptcy Code when it withholds the debtor's transcript, and the analysis used in those

cases is instructive in the present case.

### A.

The filing of a bankruptcy petition operates as an automatic stay of, among other

activities, "any *act to collect* ... a claim against the debtor that arose before the commencement

of the [bankruptcy] case." § 362(a)(6), Bankruptcy Code (emphasis added). The majority view

7

is that the withholding of a debtor's transcript because of an outstanding tuition balance or

unpaid student loans violates the automatic stay.  *See In re Mu'min*, 374 B.R. 149, 155 (Bankr.

E.D. Pa. 2007) (footnote 15 provides an extensive list of cases finding a violation of the

automatic stay); *In re Parker*, 334 B.R. 529, 534-36 (Bankr. D. Mass. 2005) (analyzing the

various cases addressing the issue).  Three cases from the Third Circuit have found that schools

do not violate the automatic stay when they withhold a debtor's transcript where the student loan

debt is nondischargeable.  *See Johnson v. Edinboro State College*, 728 F.2d 163 (3d Cir. 1984);

*In re Billingsley*, 276 B.R. 48 (Bankr. D. N.J. 2002); *Najafi v. Cabrini College (In re Najafi)*,

154 B.R. 185 (Bankr. E.D. Pa. 1993).  Other courts, including this district, have found a

violation of the automatic stay for refusal to release a debtor's transcript unless the debt has been

declared nondischargeable.  *See Virginia Union Univ. v. Parham (In re Parham)*, 56 B.R. 531

(Bankr. E.D. Va. 1986); *see also Andrews Univ. v. Merchant (In re Merchant)*, 958 F.2d 738

(6th Cir. 1992); *California State Univ. v. Gustafson (In re Gustafson)*, 111 B.R. 282 (9th Cir.

BAP 1990), *rev'd on other grounds*, 934 F.2d 216 (9th Cir. 1991); *Carson v. Logan College of*

*Chiropractic (In re Carson)*, 150 B.R. 228 (Bankr. E.D. Mo. 1993).  The remaining cases find a

violation of the automatic stay without addressing, or regardless of, the dischargeability of the

debt.  *See e.g., Mu'min*, 374 B.R. at 161, *Parker*, 334 B.R. at 535-36; *Loyola Univ. v. McClarty,*

*(In re McClarty)*, 234 B.R. 386 (E.D. La. 1999).

Those cases in which the court found a violation of the automatic stay agree that the

withholding of a debtor's transcript is done for no other purpose than to compel the payment of a

pre-petition debt.  *Mu'min*, 374 B.R. at 160.  That reasoning also applies to the refusal to allow a

debtor to register for classes or to graduate.  *Parker*, 334 B.R. at 536; *Carson*, 150 B.R. at 231.

As the court in *Mu'min* explained, "[a] school transcript has no intrinsic economic value to a

university...[i]ts only value to the university is derived from its value to the debtor" while its

"value to the debtor is potentially enormous." 374 B.R. at 160.  Therefore, the act of

withholding of a transcript and the refusal to allow a debtor to register for classes or graduate is

nothing more than an act to collect a pre-petition debt.

B.

As previously stated, the discharge injunction under § 524(a)(2) of the Bankruptcy Code

prohibits any act to collect a pre-petition debt that has been discharged in bankruptcy.  In the

present case, the debtor received an email from Novus Law School on June 10, 2008, less than

one month after he filed his petition, informing him that if the debt owed to Novus is "liquidated

through bankruptcy," he would not receive his degree nor would he be eligible to "re-enroll for

any other Novus programs."  In addition, the debtor testified that despite completing the degree

requirements and attempts to contact Novus, the school has not responded and he has not

received his degree, transcript, or any other certification of his graduate status.

Although the issue of whether the withholding of a transcript and the refusal to issue a

diploma is a violation of the discharge injunction has not been addressed by many courts, the

analysis used in the automatic stay cases is equally applicable here.  The act of refusing to issue

a transcript, refusing to allow a debtor to register for classes, or refusing to allow a debtor to

graduate is an act done with the purpose of compelling the debtor to pay a pre-petition debt.  *See*

*Mu'min*, 374 B.R. at 160; *Parker*, 334 B.R. at 536; *Carson*, 150 B.R. at 231.  If that pre-petition

debt is discharged in bankruptcy, any such act is necessarily a violation of the discharge

injunction under § 524(a)(2).

Indeed, the only two published cases addressing the issue have found violations of the

discharge injunction for refusal to issue a transcript and for refusal to allow a debtor to register

9

for classes following the discharge of the debts owed to the universities.  In *In re Parker*, the

court found that Boston University acted in contempt of the discharge injunction by refusing to

allow the debtor to register for classes after the discharge of the debt owed to the university.  334

B.R. at 538.  In the recently decided *In re Kuehn*, the Seventh Circuit likewise found that a

private university violated the discharge injunction for its refusal to honor the debtor's state-law

right to receive a copy her transcript.  563 F.3d 289, 294 (7th Cir. 2009).

In the present case, the debtor received a discharge of his debts on January 23, 2009.

Because the debts owed to Novus were not declared nondischargeable, such debts were

discharged on that date.  Novus was mailed notice of the debtor's discharge on January 25, 2009.

That notice was sent to the same address to which the notice of the filing of the petition was sent.

Since the June 10, 2008, email from Novus to the debtor acknowledged having received the

notice of the commencement of the case, the court has little difficulty finding that Novus also

had actual knowledge of the discharge.  The court therefore concludes that Novus is willfully

violating the discharge injunction by refusing to issue the debtor's transcript and certify the

debtor's graduate status.  Further, to the extent the debtor has completed all requirements for

receiving a degree, the court finds that Novus has willfully violated the discharge injunction by

refusing to award the debtor a degree.

IV.

Having reached the conclusion that Novus willfully violated the discharge injunction,

there remains the issue of an appropriate remedy.  As noted, there is no private right of action for

violation of the discharge injunction.  *Cherry*, 247 B.R. at 186.  Rather, the party violating the

discharge injunction may be found to be in either civil or criminal contempt.  *Id.* at 186-87.  In a

civil contempt action, sanctions may be either coercive or compensatory[5] but may not be punitive.[6]

In this case, the court determines that coercive sanctions are appropriate, and that the appropriate measure of such sanctions is the value that both the school and the debtor placed on the degree program, namely $10,000.00. Accordingly, a separate judgment will be entered adjudging Novus in civil contempt and imposing sanctions in the amount of $10,000.00, to be paid within 30 days, unless within that time it has issued the debtor a degree and a transcript reflecting completion of the degree requirements and has filed with the clerk evidence of its compliance. Otherwise, the adjudged sanctions shall constitute a money judgment against Novus, together with interest at the federal judgment rate, for which execution may issue.

Date: _____

_____
Stephen S. Mitchell
Alexandria, Virginia                          United States Bankruptcy Judge

---

[5]  *Better Homes of Va., Inc. v. Budget Serv. Co.*, 52 B.R. 426, 431 (E.D.Va. 1985) ("Civil contempt orders are, by their nature, remedial or coercive."), *aff'd*, 804 F.2d 289 (4th Cir. 1986); *Keene Corp. v. Acstar Ins. Co. (In re Keene Corp.)*, 168 B.R. 285, 288 (Bankr. S.D.N.Y. 1994) ("Civil contempt proceedings can be coercive or compensatory. Coercive civil contempt imposes sanctions, such as fines or imprisonment, to compel compliance with the court's orders; compensatory civil contempt attempts to indemnify the injured party for the damage caused by the contempt.").

[6] *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812 (4th Cir. 2004).

Copies to:

Ronnie Moore
21120 Huntington Sq., Suite 303
Sterling, VA 20166-6547
Debtor *pro se*

Novus University Corporation
The Trust Company of the Marshall Islands, Inc.
Trust Company Complex
Ajeltake Road,
Ajeltake Island
Majuro, Marshall Islands  96960
Respondent

Novus Law School
EDM Administrative Mail Ctr
3053 Rancho Vista Blvd
Palmdale, CA  93551
Respondent